[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12542
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00071-SPM-WCS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALIXTE SIMEON,
a.k.a. Big C,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(March 30, 2012)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Calixte Simeon appeals his sentence of 41 months in prison, imposed below the applicable guideline range, after pleading guilty to one count of credit card fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and (c), and 2. On appeal, Simeon argues that the district court erred when it applied a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 and denied a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, based on its finding that he gave materially false information to his probation officer in connection with the preparation of his presentence investigation report ("PSI"). After thorough review, we affirm.

We review a district court's factual findings supporting a sentencing enhancement for obstruction of justice for clear error and its application of the Sentencing Guidelines to those facts de novo. United States v. Tampas, 493 F.3d 1291, 1303 (11th Cir. 2007). Similarly, we review for clear error a district court's denial of a sentencing reduction for acceptance of responsibility, and "that finding is entitled to great deference on review and should not be disturbed unless it is without foundation." United States v. Knight, 562 F.3d 1314, 1322 (11th Cir. 2009) (quotation omitted). We will not set aside the district court's determination unless the facts in the record clearly establish that the defendant has accepted responsibility. United States v. Moriarty, 429 F.3d 1012, 1022-23 (11th Cir. 2005). When the district court bases its finding on a "decision to credit the testimony of one of two or

2

more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985).

A defendant is subject to a two-level enhancement under § 3C1.1 if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction . . . ." Among other examples of covered conduct, "providing materially false information to a probation officer in respect to a presentence or other investigation for the court" qualifies for an obstruction adjustment. U.S.S.G. § 3C1.1 comment. (n.4(H)). However, "providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation," would ordinarily not result in an enhancement under this section. U.S.S.G. § 3C1.1 comment. (n.5(C)). "Material" is defined in this section as any "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." Id. at (n.6).

A defendant may be entitled to a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense," and a total three-level reduction if other conditions apply and the government moves to further

3

reduce the offense level. U.S.S.G. § 3E1.1(a) and (b). The commentary to this section provides that a "defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." Id. at (n.3). In order to constitute significant evidence of acceptance of responsibility, a defendant must not only plead guilty, but also "truthfully admit[] the conduct comprising the offense of conviction." Id. The sentencing judge's determination is entitled to "great deference on review." Id. at (n.5).

Here, the district court's application of the obstruction enhancement and denial of the acceptance-of-responsibility reduction were not erroneous. Although Simeon timely pleaded guilty to the offense of conviction, the record supports that he thereafter provided false information to the probation officer about his role in the offense. Specifically, Simeon only claimed a minor role in the credit card scheme, saying that he received the cards from one of the codefendants and did not know how they were encoded with the fraudulent credit card information. However, testimony from his codefendants, Sammy Lamy and Twon Howard, indicated that Simeon was the one who coordinated the purchases of the credit card information, encoded the cards, and sold the fraudulent cards to Lamy and Howard. Despite Simeon's assertions that this testimony was unreliable, his codefendants told a coherent and facially plausible story which the district court found credible, and the district court's

findings based on the decision to credit such testimony "can virtually never be clear error." Anderson, 470 U.S. at 575.

Moreover, Simeon's statements to the probation officer about his role in the offense were material to the determination of his sentence, because if believed they would change the calculation of his applicable sentencing guideline range and the court's consideration of an appropriate sentence. See U.S.S.G. § 3C1.1 comment. (n.6). Therefore, the district court did not clearly err in finding that Simeon provided materially false information to a probation officer during the preparation of the PSI, and the court properly applied the obstruction enhancement. See id. at (n.4(H)). The court also did not clearly err in denying the acceptance-of-responsibility reduction, because Simeon's statements to the probation officer, minimizing his role in the offense, were inconsistent with a clear acceptance of responsibility. See Moriarty, 429 F.3d at 1022-23. Accordingly, we affirm.

**AFFIRMED.**